

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George G. Roane
County Attorney
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. O-1572
Re: Should the Tax Collector re-
turn the amount of State ad
valorem tax discounts allow-
able in cases where the tax-
payer has sent in the full
amount of such State ad
valorem tax without deduct-
ing said discount?

We are in receipt of your letter of October 10,
1939, in which you request an opinion of this Department
as to whether or not the Tax Collector of your County should
return to taxpayers the amount of discount on State ad valo-
rem taxes which they are entitled to under the law, but which
discount they have failed to deduct from their tax payment.

The answer to your question must of necessity de-
pend upon statutory construction as we have no authority on
our tax discount statute which was passed by the last session
of our Legislature. Said statute has been incorporated into
Vernon's Annotated Civil Statutes and numbered Article 7057d
and reads in part as follows:

"All taxpayers shall be allowed dis-
counts for the payment of taxes due to the
State and all governmental and political
subdivisions and taxing districts of the
State, said discounts to be allowed under
the following conditions: (a) three (3%)
per cent discount on ad valorem taxes due
the State or due any governmental or po-
litical subdivision or taxing district of
the State, if such taxes are paid ninety

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

(90) days before the date when they would otherwise become delinquent; (b) two (2%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid sixty (60) days before the date when they would otherwise become delinquent; (c) one (1%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district or the State, if such taxes are paid thirty (30) days before the date when they would otherwise become delinquent ' ' ' ' "

In construing the above quoted Article it is necessary first to determine whether the discounts allowed are automatic discounts to be given to a taxpayer, or whether the same must be applied for by the taxpayer before they shall be allowed to him. In this respect, it will be noted that the Legislature used very strong mandatory language in setting up this discount when it said: "All taxpayers shall be allowed discounts."

The only condition upon which the granting of the discount has been predicated by the Legislature is the payment within a specific period of time. This strong language evidences the intention of the Legislature that such discounts should be had not only by the large taxpayer who would be well advised of his rights, but also by the small taxpayer who is not so well advised as to any discount that might be coming to him under the law.

The Act makes no provision for any application for discount to be made, and we are of the opinion that no such application or request is necessary or contemplated by the Legislature. In other words, if a taxpayer owed One Dollar ($1.00) of State ad valorem taxes and paid the same within thirty (30) days after said tax became due, all he owed was ninety-seven ($0.97) cents, and not One Dollar ($1.00) minus a three (3%) discount if requested. Likewise, if he paid within sixty (60) days, all he would owe at the time of the payment would be ninety-eight ($0.98) cents, and if payment was made within ninety (90) days, all he would owe would be ninety-nine ($0.99) cents.

Based upon the above conclusion the next question which presents itself is what disposition should the Tax Collector make of this excess money which has been sent him but which the taxpayer did not owe. There are numerous cases which discuss the effect of a voluntary payment of taxes by a taxpayer. These cases are not relevant to our situation at hand, because here we have no actual payment of this excess money being made. It is a fundamental rule of law that before you can have a payment of taxes, the money tendered has to be accepted as payment by the Tax Collector. In other words, in a situation where a taxpayer tendered to the Tax Collector an amount less than the amount he owed as taxes, such a tender would not constitute a payment of the taxes owed by said taxpayer. Acceptance by the Tax Collector of such tender is a part of the actual payment of the tax. In this case, the Tax Collector is authorized to accept money tendered in payment of a State tax, which money is actually due from the taxpayer. We can find no authority in the statutes which would allow the Tax Collector to collect and hold money in excess of the amount actually due from the taxpayer. If in such a case a Tax Collector should receive the money tendered and mistakenly think that it is the correct amount of money owed, and apply the same as payment of the State taxes owed by a particular taxpayer, then in all probability said taxpayer would be unable to recover the excess which he has paid. However, in this case prior to acceptance by the Tax Collector, said Collector finds that part of the money tendered is not owing to the State and is in excess of the amount of taxes which a taxpayer actually owes. In such a case it is the opinion of this Department that it would be the duty of the Tax Collector to return the excess received by him to said taxpayer.

In support of our conclusion in this respect, we believe that it was the intention of the Legislature that this discount be actually given to all taxpayers, regardless of the amount of money involved. In this connection I would like to refer to the tax statement which you submitted to this Office along with your letter. Evidently the tax statement states the full amount of State taxes due from a taxpayer without the discount being computed on the face of it. On the back, however, is a schedule of discounts which may be allowed.

If the Tax Collector submitted to the taxpayers a statement showing the amount of tax they would owe if they paid within the three different periods of time, then in all probability there would be no overpayment which you complain of in your letter. Under the particular type of tax statement enclosed, there is a great possibility of the taxpayer erroneously computing

the amount of the discount in dollars and cents which he might deduct from the statement sent him. This would lead to much confusion and necessity for additional correspondence. Also in connection therewith, to allow the Tax Collector to keep the overpayments would be to penalize those who were unable to correctly compute the amount of discount which they might take. This was not the intention of the Legislature.

Perhaps in issuing the tax statements your Collector should adopt a form whereby the taxpayer may tell from the face of the statement exactly how much State ad valorem taxes in dollars and cents he owes at any particular time. This would alleviate the difficulty of having to return these discount overpayments.

It is the opinion of this Department, however, that when such overpayments are made to the Tax Collector who notes them, then he should return the overpayments to the taxpayers sending the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Billy Goldberg*

Billy Goldberg
Assistant

BG:RS      APPROVED OCT 26, 1939

*Gerald G. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN